**SO ORDERED.**

**SIGNED this 14 day of October, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

**IN RE:**

**3G PROPERTIES, LLC,**                             **CASE NUMBER: 10-04763-8-JRL**
                                                    **CHAPTER 11**
      **DEBTOR.**
_____

**IN RE:**

**SOUTHERN COMMUNITY BANK
& TRUST,**

      **PLAINTIFF,**

      **v.**                                        **ADVERSARY PROCEEDING
                                                    NO.  10-00178-8-JRL**

**JAMES D. GOLDSTON, III, JAMES M.
ADAMS, SR., TIMOTHY P. KELLY,
LAKE GLAD ROAD COMMERCIAL, LLC,
and LAKE GLAD ROAD PARTNERS, LLC**

      **DEFENDANTS.**
_____

**ORDER**

This matter came before the court on the plaintiff's motion for abstention or remand.  A

hearing was held in Raleigh, North Carolina on September 20, 2010.

## BACKGROUND

On April 13, 2010, the plaintiff filed a complaint in Wake County Superior Court against defendants Goldston, Adams, Kelly, and two entities known as Lake Glad Road Commercial, LLC ("Commercial"), and Lake Glad Road Partners, LLC ("Partners"). The complaint was an action for the recovery of monies owed under two separate loan agreements and promissory notes, and underlying guaranties. Both promissory notes were executed on June 19, 2008. The first note was between the plaintiff and Commercial ("Commercial note"), and the second note was between the plaintiff and Partners ("Partners note"). The Commercial note is secured by eleven undeveloped contiguous tracts of land in Granville County, North Carolina. The Partners note is secured by two contiguous tracts of land also in Granville County. As additional security, guaranty agreements were signed in relation to both notes. Only defendants Goldston and Adams are guarantors on both guaranty agreements. Defendant Kelly along with John Patrick Williams and Toby Barnette were each member/managers of Clear Creek, LLC, a member of Commercial, and additional guarantors on the Commercial note. In total, the notes and guaranty agreements provide for the payment of approximately $6,700,000.00. Prior to the petition, the plaintiff commenced foreclosure proceedings in Granville County against those tracts of land which serve as security under the notes.

On June 14, 2010, Commercial, Partners, and a third entity known as Granville Park Partners, LLC ("Granville"), which was not a party to the guaranty action, filed Articles of Merger. The surviving entity is 3 G Properties, LLC ("3 G"). Defendants Goldston and Adams each have a 50% ownership interest in 3 G. On the same date as the merger, 3 G filed a petition for relief under chapter 11 of the Bankruptcy Code. On July 8, 2010, the plaintiff filed an amended complaint, removing Commercial and Partners as defendants in the guaranty action and

2

adding Williams and Barnette, the other guarantors on the Commercial note, as defendants. On July 26, 2010, defendants Goldston and Adams filed a notice of removal in this court, listing themselves, defendant Kelly, Commercial and Partners as defendants. In response to the notice of removal, the plaintiff now requests that this court abstain from hearing the guaranty action.

## DISCUSSION

A federal court must abstain from "hearing a non-core matter which can be timely adjudicated in state court in a previously commenced action." L. Ardan Development Corporation v. Newell (In re Newell), 424 B.R. 730, 733 (Bankr. E.D.N.C 2010) (citing Seascape at Wrightsville Beach, LLC v. Mercer's Enterprises Inc. (In re Mercer's Enterprises, Inc.), 387 B.R. 681, 684 (Bankr. E.D.N.C. 2008)). Abstention is mandatory when the following factors are met: (1) a timely motion to abstain is filed, (2) the removed proceeding is based on a state law claim or state law cause of action, (3) the removed proceeding is "related to" a bankruptcy case, but does not "arise under" Title 11 or "arise in" a case under Title 11, (4) the action could not have been commenced in a United States court absent jurisdiction under 28 U.S.C. § 1334, (5) the action was pending when the bankruptcy was filed, and (6) the action can be timely adjudicated in the state forum of appropriate jurisdiction. If all of the elements are present, a court must abstain from hearing the matter. 28 U.S.C. § 1334(c)(2).

The parties have conceded that four of these factors are present. Plaintiff filed its motion for abstention less than twenty days after the Notice of Removal filed on July 26, 2010. The guaranty action is based on a state law claim, as the parties to the guaranty are North Carolina residents and the agreement is governed by North Carolina law. There are no independent grounds for federal jurisdiction. Plaintiff filed the guaranty action in Wake County Superior Court on April 13, 2010, before the debtor filed its petition. At issue is whether the proceeding

3

is "related to" the bankruptcy and does not "arise under" Title 11 or "arise in" a case under Title 11 and whether the matter can be timely adjudicated in state court.

The guaranty action is not a core proceeding arising under or arising in a case under Title 11. This court discussed the definition of a core proceeding in L. Ardan Development Corporation v. Newell (In re Newell), 424 B.R. 730, 733 (Bankr. E.D.N.C. 2010). Proceedings "arise under" Title 11 if they invoke a "substantive right created by federal bankruptcy law." Wood v. Wood, (In re Wood), 825 F.2d 90, 97 (5th Cir. 1987). Proceedings "arising in" a case under Title 11 are those that "are not based on any right expressly created by Title 11, but nevertheless would have no existence outside of the bankruptcy." Bergstrom v. Dalkon Shield (In re A.H. Robins Co.), 86 F.3d 364, 372 (4th Cir. 1996) (quoting Wood, 825 F.2d at 97). A non-exhaustive list of matters that are "core proceedings" is provided in 28 U.S.C. §157 and includes the allowance or disallowance of a claim. 28 U.S.C. §157(b)(2)(B).

The guaranty action against the defendants does not invoke a substantive right created by federal bankruptcy law, but rather is based entirely on state law. In HH1, LLC v. Lo'r Decks at Calico Jacks, LLC, (In re HH1, LLC) 2010 WL 1009235 (Bankr. M.D.N.C. 2010), the defendants were guarantors on the debtor's obligation to the plaintiff and objected to the plaintiff's motion for mandatory abstention. The court found the claim was not a core proceeding because it was not dependent on Title 11. Nor did the claim arise in a case under Title 11 because it was not a claim "that would not exist outside of Debtor's bankruptcy." HH1, 2010 WL 1009235, at *1. The fact that the claim was asserted in a state court proceeding existing prior to the commencement of the bankruptcy case further persuaded the court that the claim did not arise in a case under Title 11. Id.

Rather, the guaranty action is a "related to" proceeding under 28 U.S.C. §1334(c)(2).

4

The Fourth Circuit test for whether a proceeding is "related to" a chapter 11 case is whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Owens-Ill., Inc. v. Rapid Am. Corp. (In re Celotex Corp.), 124 F.3d 619, 625 (4th Cir. 1997) (citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). Furthermore, "related to" proceedings "need not necessarily be against the debtor or against the debtor's property" and are those which alter the debtor's rights and liabilities "either positively or negatively." Id. Applying the Fourth Circuit test to actions by a lender against guarantors, the Middle District of North Carolina in HH1 found these claims to be related to the debtor's bankruptcy case. "A recovery from the guarantors by the plaintiff would reduce or eliminate the plaintiff's claim in the bankruptcy case and result in a substitution of the guarantors as the claimants against the Debtor." HH1, 2010 WL 1009235, at *2 (citing N.C. Gen. Stat. §26-3.1). The court concluded "the claims involving the guarantors do not arise under title 11 or arise in a case under title 11, but do fall within the related to jurisdiction of this court." Id. at *3.

     Currently, defendants have filed proofs of claim in the debtor's bankruptcy case. These indemnification claims could effect the estate, at most, in the amount of $6.7 million. To the other extreme, the defendants may be barred from seeking indemnification from the debtor because of the peculiar language of the guaranty agreements in this case, and thus create a positive effect on the debtor's liability. The guaranty agreement signed by the defendants includes a waiver of subrogation in the event that any guarantor becomes an "insider" of the borrower, as defined by the Bankruptcy Code, and the borrower becomes a debtor in a proceeding under the Bankruptcy Code. The defendants each have a 50% ownership interest in the debtor, and may have waived their rights to indemnification under this section of the agreement. Therefore, the adjudication of this guaranty action has an effect on the

5

administration of the debtor's estate and is a "related to" proceeding under 28 U.S.C. §1334(c)(2).

The final factor of mandatory abstention at issue is whether the matter can be timely adjudicated in state court. Timely adjudication is not measured against an absolute time guideline, but rather measured by the needs of the bankruptcy case. Suntrust Bank v. Ferrell (In re Pluma), 2000 WL 33673752, *2 (Bankr. M.D.N.C. 2000) (citing 1 Collier on Bankruptcy ¶ 3.05[2] (15th ed. rev. 2000)). Even if a related proceeding could be adjudicated in state court in a short time, that adjudication may not be timely "if that amount of delay would prejudice the bankruptcy case." Id. In general, courts focus on whether allowing the state court to hear the matter will have any unfavorable effect on the administration of the bankruptcy case. See In re World Solar Corp, 81 B.R. 603, 612 (Bankr. S.D. Cal. 1988); J.D. Marshall, Int'l, Inc. v. Redstart, Inc., 74 B.R. 651, 654 (N.D. Ill. 1987).

More specifically, there are seven factors to consider in determining "timeliness": (1) the backlog of the state court and federal court calendars; (2) status of the proceeding in state court prior to being removed; (3) status of the proceeding in the bankruptcy court; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case; (6) whether a jury demand has been made; and (7) whether the underlying bankruptcy case is a reorganization or a liquidation case. Suntrust Bank, 2000 WL 33673752, at *3 (citing In re Midgard Corp., 204 B.R. 764, 778-79 (10th Cir. B.A.P. 1997); In re Georgou, 157 B.R. 847, 851 (N.D. Ill. 1993)).

The burden of proving timely adjudication is on the party seeking abstention, although some factors will be evident from the record. Suntrust Bank, 2000 WL 33673752, at *3. The plaintiff's claim was in state court for a brief time before it was removed and although discovery

6

requests were made, the defendants have not responded. The defendants have filed answers to the complaint and asserted cross-claims in this court. Although the proceeding has progressed slightly further in the bankruptcy court, the state court could resume the matter without delay. The defendants have requested a jury should the claims against them proceed in state court, but stipulated they would withdraw the request if they were to remain in this court.

The plaintiff has submitted an affidavit addressing the timeliness of the state court's calendar and the complexity of the issues. The affidavit has not been rebutted by the defendants, and asserts that this matter can be adjudicated within twelve to eighteen months after the pleadings close and that the action is a simple collection action that will require little discovery. If summary judgement is appropriate, the resolution would be quicker. A similar affidavit was submitted in HH1 v. Lo'r Decks at Calico Jacks, which the court found sufficient to address these factors. HH1, 2010 WL 1009235, at *4. Therefore, the state court can timely adjudicate the plaintiff's guaranty action such that there will not be an unfavorable effect on the administration of the bankruptcy case.

The six factors that require mandatory abstention under 28 U.S.C. §1334(c)(2) are present. The court need not address the plaintiff's motions for permissive abstention and for remand on equitable grounds. The guaranty action is hereby remanded to the Superior Court of Wake County, North Carolina.

**END OF DOCUMENT**